EMERSON H. DOUGHTY *vs.* JOHN W. SULLIVAN.

Cumberland.    Opinion March 30, 1915.

*Allegations.    Disclosure.    Disclosure Commissioner.    False Oath.    Fraudulent Concealment of Property.    Proof of Oath.    R. S., Chapter 114, Sec. 76.*

The defendant was cited before a disclosure commissioner, was examined, and the oath refused him by the commissioner.   This action was brought under R. S., Chap. 114, Sec. 76, alleging false oath, and fraudulent concealment of his estate or property.

*Held:*

1.   It is necessary, in an action, under Sec. 76 of Chap. 114 of the R. S., to allege in the writ the false oath of the debtor and the fraudulent concealment of his estate or property, and to entitle the plaintiff to judgment, the allegations must be proved.

2.   The statement by the stenographer that the defendant was duly sworn is no proof of the fact.   There is no provision of law making unsigned and unsworn statements of a stenographer, in disclosure proceedings, proof of the facts stated by him.

3.   To entitle the plaintiff to a verdict for such highly punitive damages as are allowed by the statute, the evidence must be clear and convincing that the defendant on oath wilfully disclosed falsely, or withheld or suppressed the truth upon an issue material to the subject being investigated.

4.   The burden was upon the plaintiff to prove that the defendant did have in his possession, or under his control, at the time of the disclosure, property not exempt from attachment and execution.

5.   The examination required is designed to secure such a disclosure as will present the pecuniary condition of the debtor and the history of the property, which he may have owned, since the debt upon which he was disclosing was contracted and the disposal of the same so far as it may have been disposed of, and that of which he may still be the owner, and of which he may have the control.

On report.    Judgment for defendant.

This is an action, on the case, based upon the provisions of R. S., Chap. 114, Sec. 76, to recover damages of the defendant, because the said defendant wilfully disclosed falsely concerning his business and

property before a disclosure commissioner. Plea, the general issue. At-the conclusion of the evidence, the case was reported to the Law Court for final judgment.

The case is stated in the opinion.

*Hinckley & Hinckley*, for plaintiff.

*William C. Eaton, and Henry Cleaves Sullivan*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J. This is an action on the case, brought under Sec. 76 of Chap. 114 of the R. S. The defendant was cited before a disclosure commissioner, in Cumberland County, by the owner of a judgment for $8000 debt or damage, and costs of suit, $42.76, an examination was had, and on February 4, 1913, the commissioner refused to administer the oath to the defendant. March 7, 1913, this action was brought. At the October term of the Supreme Judicial Court for Cumberland County the testimony was taken out and the case reported to this court for final judgment.

The statute provides, Chap. 114, Sec. 76: "When a debtor, herein authorized or required to disclose on oath, wilfully discloses falsely, or withholds, or suppresses the truth, the creditor of record or in interest may bring a special action on the case against him, whether he is criminally prosecuted or not, particularly alleging the false oath and fraudulent concealment of his estate or property; and, on oath, before a justice of the peace, he may declare his belief of the truth of the allegations in the writ, such justice shall certify the oath on the writ."

By the statute it is necessary to allege in the writ the false oath of the debtor and fraudulent concealment of his estate or property. The writ in this case contains the allegation that the defendant in the disclosure proceedings took a false oath; it being a necessary allegation, to entitle the plaintiff to judgment that allegation must be proved. The case as reported consists of the testimony of the Clerk of Courts, who showed by the record the recovery of the judgment for $800 and costs, upon which judgment it is alleged the disclosure was had; the testimony of the plaintiff that the judgment had not been paid; the testimony of the disclosure commissioner, who read his record in the case, which does not show that the defendant was

sworn; a copy of the disclosure commissioner's record which does not show that the defendant was sworn, and a copy of what purports to be the examination of the defendant before the commissioner, certified as "A true copy of evidence. Jacob H. Berman, Disclosure Commissioner."

An examination of the so-called evidence shows that it was taken by a stenographer, presumably a court reporter, who did not sign it, and it was not signed by the defendant. It is stated in the so-called evidence, "John W. Sullivan, having been duly sworn by the Commissioner, testified as follows:" The statement by the stenographer that the defendant was duly sworn is no proof of the fact. There is no provision of law making unsigned and unsworn statements of a stenographer, in disclosure proceedings, proof of the facts stated by him. The testimony of the commissioner who administered the oath would have proved the allegation. The certificate of the magistrate before whom the oath was taken, his signature being proved, would have been competent and sufficient prima facie evidence of the oath. *Commonwealth* v. *Warden*, 11 Met., 406; Greenleaf on Evidence, Sec. 512; *State* v. *Welch*, 79 Maine, 99, and the fact that the defendant was sworn might have been proved by circumstantial evidence, as in *U. S.* v. *Gardiner*, 205 Fed., case No. 15186A. But to award a plaintiff judgment for $1685.52 for the sole reason that the defendant testified under oath falsely, there must be legal proof of the oath; without the oath there is no cause of action. The record does not contain any legal evidence that the defendant was under oath in the disclosure proceedings.

Even if the paper claimed to be the examination of the defendant before the disclosure commissioner is admissible, the result is the same. To entitle the plaintiff to a verdict for such highly punitive damages as are allowed by the statute, the evidence must be clear and convincing that the defendant on oath wilfully disclosed falsely, or withheld or suppressed the truth upon a material issue, material to the subject being investigated. Under the allegations of the writ there were but two issues:

1. Did the defendant at the time of the hearing own any real or personal estate, or interest in any, except what was exempt from attachment and execution?

2. Had the debtor, since the debt, or cause of action upon which the judgment was obtained, directly or indirectly sold, conveyed or

disposed of, or intrusted to any person any of his real or personal property to secure it, or to receive any benefit from it to himself?

As there is no claim by counsel, or any statement in the examination before the disclosure commissioner, that would authorize a judgment for the plaintiff upon the second issue, the question is narrowed down to whether he swore falsely as to his ownership, legal or equitable, of property at the time of the disclosure? For, as stated by counsel for the plaintiff, "This is not a question as to whether or not we would be entitled to recover any part of property which has been transferred by the debtor prior to the cause of action, because the testimony of the debtor clearly discloses that he never transferred to his wife, who is the only third party in question, any property that was not paid for by her out of money which had never belonged to the debtor," which statement clearly eliminates the second issue, and the defendant was not questioned nor gave any testimony relating to any disposal of his property after the cause of action accrued, viz., November 21, 1910. There remains, therefore, as the only material issue, the question as to whether the defendant at the time of the disclosure hearing owned any real or personal estate or interest therein, and to entitle the plaintiff to a verdict he must show that, at the time of the disclosure hearing, he did own real or personal estate, or an interest therein, and that he wilfully testified falsely upon this particular point. As stated by the court in *Ledden* v. *Hanson*, 39 Maine, 355, "The examination required is designed— to secure to the creditor—such a disclosure as will present the pecuniary condition of the debtor and the history of the property, which he may have owned since the debt was contracted, and the disposal of the same so far as it may have been disposed of, and that of which he may still be the owner, and of which he may have the control." The examination before the commissioner related almost wholly to matters which happened years before the cause of action accrued, which could only be material as they tended to show that he had property at the time of the disclosure, and testified falsely in regard to it. A large part of the examination related to money that the defendant testified was given to his wife by her mother thirty-four years before the disclosure hearing, which he testified consisted of several thousand dollars in money, and had been kept in the house and never deposited in the bank up to the time of the disclosure, at which time the plaintiff claims that the defendant testified there was more than a thousand

dollars in the house. The plaintiff earnestly contends that the
story of that gift, as told by the plaintiff, is untrue, that it is a "fairy
tale," that the defendant swore falsely in his statement in regard to
it, and that the balance of the money in the house (in the strong
box) is the property of the defendant. If it be admitted that the
story is unreasonable and improbable, it does not aid the plaintiff,
because if the story is false and no such gift was made, there is no
proof that there was any such money in the house, and, if it is true, it
is the property of the wife, and the defendant was not bound to dis-
close truly as to the property of his wife, but only as to his property,
and the defendant testified positively that he did not know whether
any of that money was on hand or not, so in no event can it be claimed
that the testimony upon that branch of the case tended to prove that
the defendant owned or had in his possession at the time of the dis-
closure property of his own. The defendant was inquired of as to
the different businesses that he had been engaged in, some of which
were lawful and some unlawful. He was in the restaurant and
saloon business, but that business had been discontinued, according
to the testimony, nine years before the disclosure hearing, and the
defendant stated that the business belonged to his wife, except the
illegal part of it, and there is no testimony that shows that there was
any great profit in the business, and there is a total absence of any
testimony that any of the profits were in the defendant's possession,
or under his control at the time of the disclosure hearing nine years
later, and without testimony of some of the profits being in his posses-
sion, or under his control at that time, it cannot be found that he
testified falsely in regard to the only issue in the case. It also appears
from the examination that the defendant had for many years been
interested in the game of policy, but that he ceased to be interested
in 1910, and the plaintiff claims that the defendant testified falsely
when he stated that he had no income after 1904, when he had been
interested in the game of policy up to 1910, but the defendant
explained that, in the examination, by saying, that he supposed that
the question referred to the income from legitimate business, and the
court cannot infer from the fact that the defendant was engaged in
illegal business for that number of years that he necessarily had on
hand at the time of the disclosure three years after he had ceased
that business, money or property obtained in that business, there
being no evidence of any net profits from the business. The same

can be stated of the other business that the defendant was interested in, they all ceased years before the cause of action accrued, and there is nothing in the examination that showed, or tended to show, that the defendant at the time of the hearing owned or had under his control any property.  His examination shows that some of his answers were careless or inconsistent, but that would not be sufficient evidence to maintain this action, unless the further fact appears that the defendant did at the time of the hearing own real or personal property, or an interest therein.

The defendant stated, in the examination, that he did not own any real estate of any description.  He was asked in regard to his ownership of a watch, and stated that the one he wore belonged to his son, that he had previously owned one bought by his wife, and that he gave it to his oldest boy some five years before.  He was also questioned in regard to another watch which he obtained from a soldier about seven years before the disclosure, which he gave to his boy who was in the high school.  He was also inquired of how long since he had worn a diamond ring, and he testified that he had not done so for seven or eight years, at which time he had sold the ring to a man, stating his name.

The burden was upon the plaintiff to prove that the defendant did have in his possession, or under his control, at the time of the disclosure, property not exempt from attachment and execution.  His disclosure states he had none, and he attempts to explain his property affairs, and the plaintiff has not furnished any evidence that he had, except as he claims it can be inferred from the disclosure and we do not think such an inference is authorized.

*Judgment for defendant.*